UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KENNY BENETIZ, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. CV 09-9303-R |
| | ) | |
| vs. | ) | |
| | ) | **FINDINGS OF FACT AND** |
| CITY OF MONTEBELLO, | ) | **CONCLUSIONS OF LAW** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## **FINDINGS OF FACT**

1. Plaintiff, KENNY BENETIZ is a member of the Marine Corps, and is currently on individual ready reserve.

2. Plaintiff was an active member of the Marine Corps from August 2002 through November 2006 and was placed on individual ready reserve after his active duty.

3. Plaintiff remained on individual ready reserve until around August 2010.

4. Plaintiff was hired by the Defendant, CITY OF MONTEBELLO, as a police trainee in March 2007.

5. In May 2007 Plaintiff graduated from the police academy.

6. Plaintiff was hired by the City as probationary police officer in or around June 2007.

7. In or about 2008, Plaintiff was notified by the Marine Corps that he was being activated for military service.

8. Plaintiff immediately notified the City about his military activation.

9. In or about January 2009, Plaintiff began his military leave of absence from the City.

10. Plaintiff was deployed to the war zone in Iraq in January 2009.

11. Plaintiff received two thirty day periods of paid military leave beginning in January 2009 and then in July 2001. The remainder of the time he was on active duty, Plaintiff received differential pay.

12. Plaintiff returned to employment with the City on October 27, 2009.

13. Plaintiff has impeccable personnel records and he has performed effectively and competently as a police officer.

14. Due to time served in the military, the City denied Plaintiff benefits during his military leave—specifically the City denied Plaintiff accrued time and payment into his CalPERS/pension while he was away fighting the war.

15. Plaintiff made several attempts to receive benefits that he was entitled to; however, the City rebuffed his attempts.

16. The City has a military leave policy located at V-B-15 City of Montebello Administrative Policy Subject Military leave. It states: "any employee on approved active military leave of absence of order military leave shall, upon return in accordance with legal time limits, be reinstated to a position of like seniority, status and pay and shall received the same vacation, sick leave and holiday or annual leave privileges as he/she would have enjoyed had he/she not been absent[;]" and "any incomplete probationary period of an employee who takes a temporary military leave of absence or goes on ordered military duty must be completed upon reinstatement. . . ."

17. The City has a Sick Leave Policy at page 26, Section 215 of the City's Civil Service Rules and Regulations. It states in pertinent part: "Sick leave, being leave with pay shall accrue to all classes of employees . . . (g) maternity leave: sick leave may be used during such time an employee is on authorized maternity leave . . . ."

1  18. The City considers an "unpaid leave of absence" as having no accrued time off available. Employees do not accrue time off on unpaid leaves of absence, but they do accrue annual leave if they are on paid leaves of absence, or if they are taking time off with their accrued time off hours.

19. Military leave is an unpaid leave of absence. Another unpaid leave of absence occurs when the City places someone on leave without pay because of a personnel action. Beside these "unpaid leaves" there are no other unpaid leaves of absences at the City.

20. City employees taking time off with accrued time off are entitled to accrue more time off during their leave. These "leaves" include sick time, leaves of absence and/or medical leaves.

21. City employees taking a worker's compensation leave are allowed to accrue time off during their leave of absence.

## CONCLUSIONS OF LAW

1. The City violated USERRA, 38 United States Code section 4301 when the City denied Plaintiff annual leave accrual while he was on military leave. Since the City allows employees taking similar non-USERRA leaves to accrue vacation while on these leaves, the City should have granted Plaintiffs the same rights. Moreover, since the City has its own policy granting Plaintiff annual leave hours during his military absence, Defendants violated USERRA and its own policy. Also, the City treats military leave similar to a disciplinary leave, which is inappropriate under USERRA. Had the City complied with federal law and it own policy, Plaintiff would have been allowed to accrue vacation while on military leave.  20 C.F.R. § 1002.150(c); 20 C.F.R. §1002.151; 38 U.S.C. § 4316(b)(1)(B); *See Rogers v. City of San Antonio*, 392 F3d 758, 769-770 (5th Cir. 2004); 38 U.S.C. § 4311(b);  20 C.F.R. § 1002 at 72546, (the provisions of USERRA are "to be liberally construed for the benefit of those who left private life to serve their country in its hour of great need."); s*ee also*, 20 C.F.R § 1002.7 (USERRA supersedes "any contract, agreement, policy, plan, practice, or other matter that reduces, limits, or eliminates in any manner any right or benefit provided in USERRA."); 38 U.S.C. § 43029(b); *Petty v. Metropolitan Government of Nashville-Davidson County*, 538 F.3d 431,441 (6th Cir. 2008).

/ / / / /

2. Defendants violated USERRA when they did not pay into Plaintiffs pension/CalPERS during the entire time Plaintiff was on military leave. 38 U.S.C § 4318 (2)(A) – (B).

Dated:  September 27, 2010.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

4